ORDER
HACKNEY, JUDGE:
An application of the claimant, Gloria Sutton, for an award under the West Virginia Crime Victims Compensation Act, was filed August 24,2006. The report of the Claim Investigator, filed February 9, 2007, recommended that no award be granted, to which the claimant filed a response in disagreement. An Order was issued on March 27, 2007, upholding the Investigator’s recommendation and denying the claim, in response to which the claimant’s request for hearing was filed April 4,2007. This matter came on for consideration upon the pleadings.
The facts of this claim are not in dispute. On May 11, 2005, the 51-year-old claimant was severely injured in a motor vehicle accident on Route 340 South in Jefferson County. She was operating her 2000 Chevrolet Blazer when another vehicle swerved into her lane. In an effort to avoid striking that vehicle, Ms. Sutton swerved and left the road. Her vehicle then turned over several times, resulting in her injuries. The driver of the other vehicle left the scene and was never apprehended.
This Court’s initial denial of an award was based on a finding that the driver of the vehicle was not found to have committed any of the motor vehicle violations which were considered “criminally injurious conduct” on the date of the accident. W.Va. Code § 14-2A-3(c) states:
“ ‘Criminally injurious conduct’ does not include conduct arising out of the ownership, maintenance or use of a motor vehicle, except when the person engaging in the conduct intended to cause personal injury or death, or when the person engaging in the conduct committed negligent homicide, driving under the influence of alcohol, controlled substances or drugs, reckless driving, or when the person leaves the scene of the accident.”.
By memorandum to this Court dated June 1, 2007, claimant alleges that W.Va. Code § 14-2A-3(c), as amended in 2006, is a remedial statute and should be applied retroactively to her claim allowing her to be compensated for the offending driver’s act of leaving the scene of the accident. Claimant states that a statute that is remedial or procedural will ordinarily be applied to pending cases.
Public Citizen, Inc. v. First Nat. Bank in Fairmont, 198 W.Va. 329, 335, 480 S.E.2d 538, 544 (1996).
Even if the remedial hit-and-run amendment does not apply retroactively, claimant contends that she is entitled to compensation because the offending driver was guilty of reckless driving. Based on W.Va. Code § 17C-5-3, any person who drives on the highways of the state “in willful or wanton disregard for the safety of persons or *333 property is guilty of reckless driving.” Claimant asserts that the fact that there is no criminal prosecution or conviction for reckless driving is irrelevant. Thus, claimant alleges that she is entitled to recover from the Fund.
In its reply memorandum, respondent avers that the Legislature did not intend for W.Va. Code § 14-2A-3(c), as amended in 2006, to be applied retroactively. In Public Citizen, the Court stated, “[i]f a new procedural or remedial provision would, if applied in a pending case, attach a new legal consequence to a completed event, then it will not be applied in that case unless the Legislature has made clear its intention that it shall apply.” 198 W.Va. at 335, 480 S.E.2d at 544 (1996). The respondent argues that applying W.Va. Code § 14-2 A-3 (c) retroactively would have the effect of attaching a new legal consequence to this claim.
Further, respondent states that the offending driver in this case was not guilty of criminally injurious conduct by committing reckless driving under W.Va. Code § 14-2A-3(c). Respondent avers that the offending driver’s conduct constituted carelessness and negligence, but did not rise to the level of reckless indifference.
In the instant case, the Court finds that the offending driver did not commit any of the motor vehicle violations which were considered “criminally injurious conduct”. Although claimant’s incident occurred on May 11,2005, the statute did not incorporate the exception allowing for recovery “when the person leaves the scene of the accident” until June 9, 2006. In previous statutory changes, the Legislature provides for retroactivity in W.Va. Code § 14-2A-28 (1984) and W.Va. Code § 14-2A-29 (1992). However, the Legislature did not create a similar provision for W.Va. Code § 14-2A-3(c) to apply retroactively. In addition, a retroactive application of the statute would attach a new legal consequence to the incident on May 11,2005, which is impermissible under Public Citizen, supra. Furthermore, the Court has determined that the offending driver’s conduct, although careless and negligent, does not rise to the level of reckless driving under W.Va. Code § 14-2A-3(c).
The Court is constrained by the law and the facts to stand by its previous ruling; therefore, the claim must be, and is, hereby denied.